IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville February 19, 2015

## STATE OF TENNESSEE v. ROBERT GUERRERO

**Appeal from the Circuit Court for Maury County**
**No. 17884     Stella L. Hargrove, Judge**

_____

**No. M2014-01669-CCA-R3-CD - Filed May 11, 2015**

_____

The Defendant, Robert Guerrero, was convicted by a Maury County Circuit Court jury of two counts of first degree murder and nine counts of attempted first degree murder. *See* T.C.A. §§ 39-13-201 (2014), 39-13-202 (2014), 39-12-101 (2014). The trial court sentenced the Defendant to two consecutive life sentences and to nine consecutive fifteen-year sentences to be served consecutively to the life sentences, for an effective sentence of two life terms plus 135 years. Almost six years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence because his life sentences requiring 100% service of sixty years' confinement less sentencing credits up to 15% were tantamount to life sentences without the eligibility or possibility of parole. The trial court summarily dismissed the motion for failure to state a colorable claim. On appeal, he contends that the trial court erred in dismissing his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Robert Guerrero, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and Brent Cooper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The facts underlying the Defendant's convictions were summarized by this court in a previous appeal.

In 2008, the Petitioner participated in a shooting of a vehicle carrying eleven individuals, which resulted in the death of two victims and injury to other victims. The jury, after hearing the proof at trial, convicted the Petitioner of two counts of first degree murder and nine counts of attempted first degree murder. The trial court subsequently sentenced the Petitioner to two consecutive life sentences for the first degree murder convictions and nine fifteen-year sentences for the attempted first degree murder convictions, to be served consecutively to the life sentences, for an effective sentence of two life sentences plus 135 years.

*Robert Guerrero v. Dwight Barbee, Warden*, No. W2012-01873-CCA-R3-HC, 2013 WL 1189462, at *1 (Tenn. Crim. App. Mar. 22, 2013) (internal citations omitted); *see State v. Robert A. Guerrero*, No. M2008-02839-CCA-R3-CD, 2011 WL 2306078, at *1-5 (Tenn. Crim. App. June 8, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011).

On August 11, 2014, the Defendant filed a *pro se* motion to correct an illegal sentence pursuant to Tennessee Criminal Procedure Rule 36.1. He argued that Tennessee statutes do not authorize "life with the possibility of parole" for a first degree murder conviction and that his life sentences "directly contravene[]" Tennessee Code Annotated sections 40-35-501(i)(1) and (i)(2)(A) (2010) (amended 2012, 2013, 2014). He asserted that because Code section 40-35-501(i) prohibits release eligibility for persons convicted of first degree murder and requires 100% service of sixty years less any sentence reduction credits up to 15%, the trial court imposed life sentences without the possibility of parole. He also argued that because he received two sentences of life that are effectively without the possibility of parole, the State was obligated to provide notice of its intent to seek such sentences and that it failed to do so, which created structural error requiring reversal of his first degree murder convictions. On August 13, 2014, the trial court summarily dismissed the motion for failure to state a colorable claim and noted that this court previously affirmed the Defendant's convictions and sentences. The court also treated the Defendant's motion as a petition for a writ of habeas corpus but found that the petition was not properly before the court. This appeal followed.

The Defendant contends that the trial court erred by dismissing his motion to correct the sentences. He raises the same argument on appeal that he raised in the trial court. The State responds that the trial court properly dismissed the Defendant's motion. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial

court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

The possible punishments for a first degree murder conviction include death, life imprisonment without the possibility of parole, and life imprisonment. T.C.A. § 39-13-202(c)(1)-(3). Relative to offenses committed before July 1, 1995, release eligibility and parole for defendants convicted of first degree murder and sentenced to life imprisonment is governed by Code section 40-35-501(h)(1). *Vaughn v. State*, 202 S.W.3d 106, 118 (Tenn. 2006). Relative to offenses committed on or after July 1, 1995, release eligibility is available for defendants convicted of first degree murder and sentenced to life imprisonment, but release from confinement is governed by Code section 40-35-501(i)(1). *Id*. at 118-19. Subsection (i)(1) states,

> There shall be no release eligibility for a person committing [murder in the first degree] on or after July 1, 1995 . . . . The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

T.C.A. § 40-35-501(i)(1), (i)(2)(A). A defendant convicted of first degree murder must serve 100% of a life imprisonment sentence, but a defendant is "'entitle[d] to release eligibility . . . after serving sixty years, the equivalent to a life sentence for the purpose of calculating release eligibility,'" less any sentence reduction credits up to 15%, or nine years. *Jerry D. Carney II v. Dwight Barbee, Warden*, No. W2011-01977-CCA-R3-HC, 2012 WL 5355665, at *4 (Tenn. Crim. App. Oct. 31, 2012) (quoting Tenn. Op. Att'y Gen. No. 97-098 (1997)); *see Vaughn*, 202 S.W.3d at 118-19. As a result, Tennessee statutes permit release from confinement for life imprisonment after serving fifty-one years. *See* T.C.A. § 40-35-501(h)(1), (i)(1), (i)(2)(A).

In *Jerry D. Carney II*, the petitioner raised in the context of a petition for habeas corpus relief the same issue the Defendant raises in the present appeal. The petitioner contended that his life imprisonment sentence "was illegal because the 'statutory sentencing scheme contained in [Code section] 40-35-501(i)(1) & (2) . . . does not provide for the

possibility of parole[.]'" *Id*. at *1. The petitioner argued that Code section 40-35-501(i) "'does away with any release eligibility'" for a defendant convicted of first degree murder. *Id*. This court concluded that because subsection (i) applied to the offense, the petitioner's life imprisonment sentence was not imposed in direct contravention of any statute and was not void. *Id*. at *4.

In the present case, we conclude that the Defendant's life imprisonment sentences are not illegal. Based on the Defendants briefs, it appears he believes that he was sentenced to life imprisonment *with the possibility of parole*, but our statutes do not contain that terminology. *See* T.C.A. § 39-13-202(c)(1)-(3) (stating the possible punishment for first degree murder includes death, life imprisonment without the possibility of parole, and life imprisonment). The Defendant received two life imprisonment sentences for two first degree murders committed after July 1, 1995. The life imprisonment sentences imposed do not entitle the Defendant to parole; however, Tennessee statutes permit *release from confinement* after serving fifty-one years. *See id*. § 40-35-501(i)(1). In comparison, defendants sentenced to life imprisonment *without the possibility of parole* are not eligible for release from confinement. *See id*. § 40-35-501(g). As a result, the life imprisonment sentences imposed by the trial court are not the equivalent to life imprisonment without the possibility of parole and are not in direct contravention of any statute. We conclude that the court properly dismissed the Defendant's motion for a corrected sentence pursuant to Rule 36.1 and that he is not entitled to relief.

The judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE